UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ZORRI N RUSH                                                                 PLAINTIFF

v.                                                          Civil No. 1:19-cv-00001-GHD-RP

EYE CLINICS OF EUPORA                                                        DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court *sua sponte* in response to the show cause order entered on January 28, 2019. Doc. 8.

On December 10, 2018, Plaintiff Zorri Rush filed his complaint in this matter, purporting to assert some sort of claim under the Americans with Disabilities Act.[1] Rush's allegations against the defendant, in whole, are:

> Defendants [sic] in this case are charged with attempting to deny services to an individual with disabilities in violation of the Americans with Disabilities acts.. [sic]
> . . .
> Defendants provided medical services that included equipment. The equipment did not perform as suggested by the provider. In an attempt to resolve the matter, the provider chose to become physically aggressive and thus failed to offer any reasonable solution.

Compl., Doc. 1 at 1. In addition to his complaint, Rush filed a motion to proceed in forma pauperis. Mot., Doc. 2.

The United States Magistrate Judge assigned to this case recognized several issues with both Rush's complaint and motion to proceed in forma pauperis. First, because the complaint contained so few factual allegations, it appeared not to state a claim for relief or to assert facts supporting this Court's jurisdiction. Second, despite the fact that this was at

---

[1] Rush filed this suit in the United States District Court for the Southern District of Mississippi. Recognizing that venue was proper in this district, the court transferred the case here on January 2, 2019.

1

least the *eighth* case Rush had filed in a federal district court in Mississippi since September 2018, he had failed to include information necessary to determine his pauper status and had failed to use the Court's form motion, despite being previously admonished to do so.[2] To that end, the Magistrate Judge issued an order directing Rush to: (1) show cause why the complaint should not be dismissed for failure to state a claim or lack of subject matter jurisdiction by providing additional facts; and (2) complete the Court's in forma pauperis application, which was attached to the order. The response to this order was due February 11, 2019. That date has passed and Rush has filed neither a response nor his in forma pauperis application.

28 U.S.C. § 1915 provides that a court may waive failing fees for plaintiffs unable to afford them. 28 U.S.C. § 1915(a)(1). But the section also provides that "the court *shall* dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2) (emphasis added).

The standard for judging whether an in forma pauperis complaint fails to state a claim is the same as under Rule 12(b)(6). *Hale v. King*, 642 492, 487 (5th Cir. 2011). That standard requires that a plaintiff's complaint "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

---

[2] The Court takes judicial notice of the docket entries in cause numbers 1:18-cv-00171-GHD-RP; 1:18-cv-00172-SA-RP; 1:18-cv-00184-SA-RP; 1:18-cv-00195-DMB-RP; 1:18-cv-00196-SA-RP; 1:18-cv-208-GHD-RP; and 1:18-cv-00210-DMB-RP. Rush filed another case at the same time as this one. 1:19-cv-0002-GHD-RP. Rush has since filed even more cases. *See* 1:19-cv-00019-DMB-RP, 1:19-cv-00020-SA-RP, 1:19-cv-00026-GHD-RP, 1:19-cv-00032-SA-RP, and 1:19-cv-00033-SA-RP.

Alternatively, a claim is frivolous if "(1) the claim's realistic chance of ultimate success is slight, or (2) the claim has no arguable basis in law and fact." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989) "District courts have broad discretion in determining whether a complaint is frivolous under § 1915(d)" *Id.*

Although the Court must afford a pro se complaint liberal construction, *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994), it is clear that Rush's complaint here both fails to state a claim and is frivolous. What few vague factual assertions Rush makes provide no arguable basis for a claim against defendants. Indeed, because the factual allegations of the complaint are so lacking, the Court is unable make out what Rush's claim against the defendant could possibly be, much less whether it has a chance of success. Because his claim is frivolous, § 1915(d) demands its dismissal. Accordingly, his claim is dismissed, and his motion to proceed in forma pauperis is denied as moot.

An order in accordance with this opinion shall issue.

This the 14th day of February, 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE